ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of -- | ) | |
| | ) | |
| Government Services Corp. | ) | ASBCA No. 60367 |
| | ) | |
| Under Contract No. SP0600-13-D-4025 | ) | |

APPEARANCE FOR THE APPELLANT:     Gregory R. Rauch, Esq.
          Magyar, Rauch, & Associates PLLC
          Moscow, ID

APPEARANCES FOR THE GOVERNMENT:     Daniel K. Poling, Esq.
          DLA Chief Trial Attorney
          Kathryn M. Kelley, Esq.
          Jared M. Miller, Esq.
           Trial Attorneys
           DLA Energy
           Fort Belvoir, VA

## OPINION BY ADMINISTRATIVE JUDGE O'SULLIVAN ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

This appeal arises out of a deemed denial based on the failure of a contracting officer for the Defense Logistics Agency – Energy (DLA Energy or government) to issue a final decision in response to a certified claim filed by Government Services Corp. (GSC or appellant). The government has filed a motion to dismiss for lack of jurisdiction,[1] alleging that appellant's claim did not include a sum certain. Appellant opposes. For the reasons set forth below, we deny the motion.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On 24 June 2013 DLA Energy awarded Contract No. SP0600-13-D-4025 (the contract) to appellant for the provision of fuel to the Department of Defense and federal civilian agencies in the District of Columbia and eight states in the Midwest and Mid-Atlantic region (R4, tab 1 at 30, tab 2 at 1).

2. By letter dated 7 October 2015, appellant submitted a certified claim to the contracting officer in the amount of $100,000, alleging that a negative rating it received on 10 July 2015 via the Contractor Performance Assessment Report System (CPARS) constituted bad faith and a breach of the duty of good faith and fair dealing owed to it by the government (compl. ¶ 8, and attach. E). Appellant requested that the contracting

---

[1] The government filed a "Motion to Dismiss Appellant's Complaint" for lack of jurisdiction, which we deem a motion to dismiss the appeal.

officer issue a final decision with respect to its claim in accordance with the Contract Disputes Act (CDA) and the contract's Disputes clause (compl., attach. E).

3. By email dated 2 November 2015, the contracting officer requested appellant to provide "detailed substantiating records, within 15 days, to accurately account for the numerical calculation of $100,000.00" sought in its 7 October 2015 claim (compl., attach. F). Appellant responded by letter dated 18 November 2015, describing how it developed the $100,000 figure:

> The "numerical calculation of $100,000.00" was derived by a simple mathematical formula of estimating the future expense, both administrative and legal, that is expected to be required to counter the apparent bad faith libelous actions of the AO and RO in the CPARS which are the subject of the claim.
>
> ....
>
> The good faith estimate was reached after considering the number and frequency of bid submittals by GSC on solicitations that require consideration of past performance ratings such as those contained within the CPARS. This calculation was then further refined by the applicable life of the subject CPAR (discounting the 15 month remaining suspension of GSC) and the cost; [sic] both administrative and legal, of addressing the issue with future Contracting Officers in the form of negotiations as well as protests.

(R4, tab 11; compl., attach. G)

4. DLA Energy did not further respond to appellant's 7 October 2015 claim or its 18 November 2015 letter. Appellant filed its notice of appeal from the deemed denial of the claim on 11 December 2015.

DECISION

The Board's jurisdiction to hear this case depends upon the contractor's submission of a claim under the CDA, 41 U.S.C. §§ 7101-7109. *CCIE & Co.*, ASBCA Nos. 58355, 59008, 14-1 BCA ¶ 35,700 at 174,816. Although the CDA itself does not define the term "claim," the Federal Acquisition Regulation (FAR) does:

> *Claim* means a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or

2

> interpretation of contract terms, or other relief arising under
> or relating to the contract.

FAR 2.101.

The government argues that appellant did not file a proper claim because its submission to the contracting officer did not include a sum certain (gov't mot. at 2-3). According to the government, appellant's failure to include "a mathematical basis for any portion of its $100,000 claim or assign a specific dollar value to any component thereof" means that its claim does not meet the sum certain requirement (gov't mot. at 3).

The government's assertion is incorrect. It is well-settled that neither the CDA nor its implementing regulations require "submission of a detailed cost breakdown or other specific cost-related documentation with the claim." *H.L. Smith, Inc. v. Dalton*, 49 F.3d 1563, 1564 (Fed. Cir. 1995); *Applied Technology Associates, Inc.*, ASBCA No. 49200, 96-2 BCA ¶ 28,394 at 141,800. Instead, the contractor need only "submit in writing to the contracting officer a clear and unequivocal statement that gives the contracting officer adequate notice of the basis and amount of the claim." *Contract Cleaning Maintenance, Inc. v. United States*, 811 F.2d 586, 592 (Fed. Cir. 1987); *Manhattan Construction Co.*, ASBCA No. 52432, 00-2 BCA ¶ 31,091 at 153,521.

The government further cites appellant's use of the word "estimate" or variations thereof in its 18 November 2015 letter and its complaint and states that the Board has found "estimated" to be one example of the kind of qualifying language that can render a claim invalid (gov't mot. at 2-3; gov't reply at 4-5). However, appellant's claim itself does not use qualifying language, and our jurisdiction is determined by "the adequacy or sufficiency of the submission to the contracting officer, and not by the information in the notice of appeal or complaint submitted to the Board." *Hibbits Construction Co.*, ASBCA No. 35224, 88-1 BCA ¶ 20,505 at 103,673. Thus appellant's 18 November 2015 letter and its complaint are irrelevant to the Board's jurisdiction, as the government actually recognizes at page three of its reply. *Morgan & Son Earthmoving, Inc.*, ASBCA No. 53524, 02-2 BCA ¶ 31,874 at 157,482; *Eaton Contract Services, Inc.*, ASBCA No. 52888 *et al.*, 02-2 BCA ¶ 32,023 at 158,266, *aff'd in part and modified in part on recon.*, 03-1 BCA ¶ 32,239 at 159,423.

Aside from the foregoing, the cases cited by the government for the proposition that use of the word "estimated" is qualifying language rendering a claim improper are inapposite. In those cases, the operative fact was not that the underlying elements included estimates and approximations, but the fact that the contractor failed to provide a total overall sum certain demand in its claim. *See Joseph Sottolano*, ASBCA No. 59777, 15-1 BCA ¶ 35,970 at 174,734-35 (individual elements of claim were described as "unknown" and "approximate[]" and no final overall amount in a sum certain was

demanded)[2]; *J.P. Donovan Construction, Inc.*, ASBCA No. 55335, 10-2 BCA ¶ 34,509 at 170,171 (no "sum certain" where contractor submitted subcontractor's claim in a specific dollar amount but added on his own costs using qualifying language and never identified a total overall demand); *Eaton Contract Services*, 02-2 BCA ¶ 32,023 at 158,267 (no "sum certain" where contractor's claim sought a specific dollar amount for one component of its claim but also sought additional damages in an amount "in excess of $2,000,000," and did not identify a total overall amount).

The Board has repeatedly held that use of estimated or approximate costs in determining the value of a claim is permissible so long as the total overall demand is for a sum certain. *Eaton Contract Services*, 02-2 BCA ¶ 32,023 at 158,267; *Manhattan Construction*, 00-2 BCA ¶ 31,091 at 153,521. Appellant's 7 October 2015 claim sought damages of $100,000 (SOF ¶ 2). That the $100,000 figure was derived from estimated costs does not change the fact that it was a total overall demand for payment of a specific dollar amount, and as such, meets the FAR's requirement that a monetary claim be for a sum certain. FAR 2.101; *Eaton Contract Services*, 02-2 BCA ¶ 32,023 at 158,267.

## CONCLUSION

The government's motion to dismiss for lack of jurisdiction is denied.

Dated: 20 June 2016

LYNDA T. O'SULLIVAN
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

---

[2] In *Joseph Sottolano*, although the contract's Disputes clause stated that the contract was not subject to the CDA, the Disputes clause nevertheless defined a "claim" as a "'written demand or written assertion by the Contractor, seeking as a matter of right, the payment of money in a sum certain.'" *Sottolano*, 15-1 BCA ¶ 35,970 at 175,733.

4

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60367, Appeal of Government Services Corp., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals
